[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 19, 1993 Date of Application: January 19, 1993 Date Application Filed: January 26. 1993 CT Page 15939 Date of Decision: October 23, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield, at Bridgeport.
Docket No. CR 91-66428.
Frank J. Riccio Defense Counsel, for Petitioner.
Susann Gill Assistant State's Attorney, for the State.
Sentence Affirmed
BY THE DIVISION
Following a jury trial the petitioner, then 32 years of age, was convicted of robbery, 2nd degree (§ 35a-135(a)(2). He then entered a plea of nob contendere to being a persistent felony offender. A pre-sentence report was ordered and the matter was continued for sentencing to January 19, 1993.
The factual basis for the robbery is summarized as follows:
 On 8/8/91 at approximately 1:00 p.m., Bridgeport Police investigated a robbery of the school secretary at Longfellow School. Longfellow School is located at 130 Ocean Avenue, which is next door to the P.T. Barnum Housing Complex. Police information revealed that the security officer for Longfellow School reported to police that the secretary had been robbed at gunpoint by a black male, later identified as the defendant, who fled toward the P.T. Barnum Housing Complex after the robbery. The secretary told police that the robber came into the school office, which sits right inside the front door and asked for money. The secretary told the defendant she had no money, at which point he pulled out a long pistol and said he was sick and needed a fix. The secretary gave the defendant $15.00 and he searched for money and valuables behind the counter before fleeing. After police investigation the defendant was arrested.
At the time this case was tried Laws had other pending criminal charges in an unrelated incident. These included threatening, carrying a pistol CT Page 15940 without a permit, criminal possession of a firearm, interfering with an officer (2 counts), using a motor vehicle without permission and escape from custody. This second case — Docket Number CR92-75761 — was subsequently tried and a sentence of 18 years, consecutive to the 22 year sentence in this case, was imposed. (The petitioner's application for sentence review in CR 92-75761 is discussed in a separate opinion).
Prior to the sentence being imposed in this case, defense counsel and the assistant state's attorney discussed a possible plea bargain which was conveyed to the petitioner. That proposed plea bargain was for a cap of 25 years which would encompass the charges in both files under discussion here. Initially the petitioner accepted the offer, however during the canvass, he rejected the proposed agreement, whereupon his plea was withdrawn and he was sentenced on the robbery charge as a persistent felony offender to the term of 22 years.
His attorney now argues that the two sentences, which total 40 years, are far more than the total of 25 years as a cap which he rejected and asks us to consider some reduction. In rebuttal the State's Attorney points to the egregious nature of this offense and Laws' lengthy record as complete justification for the propriety of this sentence.
In this case, Laws went into a school at approximately 12:45 p.m., pulled out a gun and threatened the secretary saying "Don't make me shoot you." He pointed his gun at the school security officer during his getaway. Two children, ages 12 and 14 witnessed part of the incident and at least one of them saw him pull out what appeared to be a gun. SeeState v. Laws, 36 Conn. App. 401, 403-404 (1994).
Laws has multiple prior robbery convictions including robbery 1St degree in 1976 (5-10 years); two counts of robbery, 1st degree in 1980 (24-25 months); arson, 2nd degree in 1981; three counts of robbery 1st degree in 1982 as a persistent felony offender (5 years); six counts of robbery 1st degree in 1983, (12 years consecutive to the 1982 sentence). He was released from prison on May 14, 1991 and committed this offense within three months of his release.
This Division has the authority to modify a sentence only if it is inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended. Practice Book § 43-28.
This petitioner had 12 prior convictions for robbery, 1St degree. Deterrence and rehabilitation as they relate to him are next to nil. A sentencing Court may consider such things as his demeanor, remorse and CT Page 15941 veracity as observed by the Court during the trial, State v. Coleman,242 Conn. 523, 542 (1997). (In this case, Laws testified in his own defense claiming that he was walking past the school on his way home and thought the security guard was going to rob him which was why he ran away).
There is virtually nothing about this sentence which would make it inappropriate or disproportionate. Clearly the community has the right to be protected from his predations for as long as possible and the sentence reflects that necessity. It is affirmed.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, Norko and Miano, J.s, participated in this decision. CT Page 15941-a